UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DARNELL WESLEY MOON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-68-WTL-WGH |
| CHARLES LOCKETT, et al., | ) |
| Defendants. | ) |

**Screening Entry Pursuant to 28 U.S.C. § 1915A(b)**

Darnell Moon was formerly confined at the Federal Correctional Complex in Terre Haute, Indiana ("the FCC"). He alleges in this action that the defendants violated his federally secured rights. He seeks damages. The operative pleading setting forth his claims is the amended complaint filed on March 24, 2014 (Dkt. 7).

Moon was a "prisoner" as defined by 28 U.S.C. ■ 1915(h) at the time this action was filed. Specifically, he was confined to a halfway house. This means that the Amended Complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Applying the screening standard of 28 U.S.C. § 1915A(b) and the pleading standard of Rule 8(a) of the *Federal Rules of Civil Procedure*, the legally insufficient claims must be dismissed and the remaining claim may proceed, all consistent with the following:

1. Moon's claims are principally asserted pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Jurisdiction for such a claim is derived from 28 U.S.C. § 1331. To state a *Bivens* claim the plaintiff must allege a violation of the United States Constitution or a federal statute. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987).

2. The amended complaint also asserts statutory civil rights claims and tort claims under Indiana law.

3. Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993).

   a. "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

   b. In reviewing a complaint, the court accepts the factual allegations as true, but conclusory assertions or a recitation of a cause of action's elements are not. *See Ray v. City of Chicago,* 629 F.3d 660, 662 (7th Cir. 2011)("[W]e need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.") (internal citations omitted).

   c. A plaintiff may plead himself out of court by revealing in his complaint facts that defeat his claim. *See Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). A claim's insufficiency can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

     d.     Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

     4.     At paragraphs 79–80 of the amended complaint, Moon alleges retaliation based on his having filed grievances against prison staff. This claim is actionable as to his allegation that prison staff took specific adverse actions against him by taunting him and by refusing him to move him to a new cell after being assaulted by his cellmate, but is not actionable as to his allegation that prison staff retaliated by bringing him cold meals and delaying his mail. The claim of retaliation which is actionable is viable against only a person who has participated in the retaliation may be liable. *E.g.*, *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). In this instance, that claim extends to defendants Harrington (¶¶ 42, 52), Gates (¶¶ 42, 47, 52), Rumple (¶¶ 42, 47, 52, 59), Booth (¶¶ 43, 49), Collins (¶¶ 47, 52, 59), Lotz (¶¶ 51, 59), Betts (¶¶ 52, 59, 64, 76), Wingerd (¶ 54), Lockett (¶¶ 60, 61), Church (¶ 60), Pitt (¶ 60), Boyer (¶ 60, 61), Rardin (¶¶ 60, 61), Beighley (¶ 60), Rupska (¶ 60), English (¶ 60), Boylan (¶¶ 62, 68), Sullivan (¶ 63), Rogers (¶¶ 64, 67), Tussey (¶ 75), and Iaucino (¶ 76). The claim of retaliation is not actionable as to defendants Peters, Puthoff, Gibbens, Booker, Klink, Heiser, Pullen, Singleton, or Miller and is dismissed as to these defendants.

     5.     At paragraphs 81–84 of the amended complaint, Moon alleges that 21 of the defendants "violated his substantive Due Process right to be free from oppressive and abusive executive misconduct." He also presents a claim that several of the defendants violated his Fifth Amendment right to Equal Protection of the Law by singling him out "for unfair and discriminatory treatment based on (1) his race, and (2) filing of complaints against staff . . . ." These theories are misplaced in Moon's present case. Claims based on the conditions of his confinement and his treatment by prison staff are properly based on the Eighth Amendment's

proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney,* 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"; prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates); *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision."). The substantive Due Process right and Fifth Amendment right to Equal Protection claims are therefore dismissed.

6. Not surprisingly, much of the amended complaint centers on the Eighth Amendment.

   a. Moon first alleges that the defendants failed to assign him to a new cell after becoming aware that his cellmate was assaulting him. This allegation presents a a viable Eighth Amendment claim against defendants Lockett (¶¶ 60, 61), Church (¶ 60), Pitt (¶ 60), Boyer (¶ 60, 61), Rardin (¶¶ 60, 61), English (¶ 60), Wingerd (¶ 54), Tussey (¶ 75) Gates (¶¶ 42, 47, 52), Beighley (¶ 60), Rupska (¶ 60), Harrington (¶¶ 42, 52), Betts (¶¶ 52, 64, 76), Rumple (¶¶ 42, 47, 52), and Collins (¶¶ 47, 52).

   b. Moon next alleges that the defendants failed to provide adequate medical care after he was assaulted and this claim is viable as to the defendants he has specifically accused of denying his requests for medical treatment. Those defendants are Wingerd (¶¶ 72, 74), Tussey (¶ 74), and Gibbens (¶ 73).

   c. Moon next alleges that he was confined him for eight hours in a "dirty, feces and urine infested cell" with his arms cuffed behind his back, while he was bleeding from open razor wounds inflicted by his cellmate. The open wounds aspect of this allegation is subsumed in the prior claim of the denial of medical care. The remaining conditions Moon has described, for such a brief period, do not implicate the Eighth Amendment. *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985)("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). This Eighth Amendment claim is therefore dismissed.

   d. Claims against supervisory defendants for any viable claim under the Eighth Amendment against other defendants, however, are associated with only the most

conclusory of allegations, and are therefore dismissed. *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006).

7. Moon alleges that the defendants delayed his outgoing mail, but has not presented any specific factual allegations to support this claim and alleges no ill consequence and therefore has failed to state a plausible claim for relief.

8. Moon alleges that an Unnamed Disturbance Control Team (DCT) Officer violated his Eighth Amendment rights by assaulting him while handcuffed and that other DCT Officers and defendant Singleton also violated his Eighth Amendment rights by failing to intervene. This claim requires further development for at least the reason that the unnamed DCT officers must be identified.

9. Claims are asserted pursuant to 42 U.S.C. §§ 1985 and 1986. Section 1985 of title 42 concerns conspiracies to violate civil rights. At the outset, the amended complaint does not plausibly allege the formation or terms of a conspiracy. As with so many features of the amended complaint, conclusory allegations do not support an actionable claim. *See Iqbal,* 556 U.S. at 678–79 ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). Apart from this, moreover, the specific elements of a viable claim under these statutes are absent.

> a. Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office. Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). The Seventh Circuit "has clarified that otherwise 'class-based invidiously discriminatory animus' includes 'conspiracies to discriminate against persons based on sex, religion, ethnicity, or political loyalty.'" *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) (quoting *Volk v. Coler*, 845 F.2d 1422, 1434 (7th Cir. 1988)). "[S]ection 1985(3) provides no substantive rights in itself, but rather provides a remedy for any violation of the rights that it designates." *Munson v. Friske*, 754 F.2d 683, 694 (7th Cir. 1985).
>
> b. "The allegations of the [amended] Complaint do not implicate a violation of subsection (1) of Section 1985, which provides a remedial action to persons injured from

a conspiracy to prevent federal officers from performing their duties, or subsection (2)[.] A remedial action is authorized under Section 1985(2) where a plaintiff alleges and proves a conspiracy: (1) to intimidate a party, witness, or juror in a federal court proceeding, or (2) to obstruct justice in a state court proceeding." *Spence v. Caputo,* 2015 WL 630294, at *28 (W.D.Pa. Feb. 12, 2015). The amended complaint contains no allegations that could plausibly be construed as stating a claim under either of these subsections.

c. To establish liability for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must establish: 1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge,* 403 U.S. 88, 102-04 (1971). There is no plausible allegation that any of the defendants= actions were motivated by the necessary race or class considerations; thus, the complaint fails to state a Section 1985 claim. *Hossman v. Blunk,* 784 F.2d 793 (7th Cir. 1986).

d. And "in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist," this is not a plausible claim for relief. *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992).

e. Claims are asserted pursuant to 42 U.S.C. §§ 1985 and 1986 are therefore dismissed as legally insufficient.

10. Moon's claims for the intentional infliction of emotional distress under Indiana law are actionable, if at all, as to the allegations (i) in paragraph 53 against defendants Lotz, Collins, Gates, Rumple, and Harrington, (ii) in paragraphs 54 and 56 against defendant Wingerd, (iii) in paragraph 57 against the Unknown DCT Officer and defendant Wingerd, (iv) in paragraph 59 against defendants Betts, Rumple, Lotz, and Collins, and (v) in paragraph 65 against defendant Rogers.

11. Moon's claim for negligence under Indiana law for allowing his cellmate to assault him with a razor is actionable, if at all, as to defendants Harrington (¶¶ 42, 52), Gates (¶¶ 42, 47, 52), Rumple (¶¶ 42, 47, 52), Booth (¶¶ 43, 49), Basinger (¶¶ 44, 49), Collins (¶¶ 47, 52), Lotz (¶ 51), Betts (¶¶ 52, 64, 76), Wingerd (¶ 54), Lockett (¶¶ 60, 61), Church (¶ 60), Pitt (¶ 60), Boyer (¶ 60, 61), Rardin (¶¶ 60, 61), Beighley (¶ 60), Rupska (¶ 60), English (¶ 60), Boylan (¶¶ 62, 68), Sullivan (¶ 63), Rogers (¶¶ 64, 65, 67), Tussey (¶ 75), and Iaucino (¶ 76).

12. At paragraph 102, Moon alleges that the Unnamed DCT Officer, Defendant Wingerd, and Defendant Singleton are liable for battery under Indiana law. This claim shall proceed as to both the named and unnamed defendants.

13. No final judgment shall issue at this time as to the claims dismissed in this Entry.

14. Separate orders will be issued (a) dealing with the issuance and service of process on named defendants against whom one or more claims are proceeding, and (b) directing further development of the claim against the unnamed DCT Officer.

IT IS SO ORDERED.

Date: 5/11/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DARNELL WESLEY MOON
510 N. Fountain Street, Apt 5
Cape Girardeau, MO 63701